## STATE v. EDMUND P. JACKSON.

154 N. W. (2d) 827.

December 1, 1967—No. 40,506.

C. *Paul Jones,* State Public Defender, and *Paul Kunert,* for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

ROGOSHESKE, JUSTICE.

Defendant, aged 29, charged with inflicting bodily harm upon another while committing a robbery in a Minneapolis apartment building on February 18, 1966, was convicted of the crime of aggravated robbery in violation of Minn. St. 609.245.

Upon arraignment, the public defender was appointed to represent him. He entered a plea of not guilty. Following a written waiver of a jury trial, he was tried, found guilty by the court, and sentenced to not more than 5 years of imprisonment—although the statute authorized a maximum term of 20 years.

In this appeal from the judgment, he claims that the evidence is insufficient to sustain a finding of guilt beyond a reasonable doubt and that evidence of his silence and evasive answers when confronted with accusations by the victim and arresting officers was erroneously admitted.

Evidence of silence and evasive answers was admissible under the circumstances of this case, and the determination of its probative force was for the trial judge. State v. Rediker, 214 Minn. 470, 8 N. W. (2d) 527. The record does contain testimony that defendant during the course of his apprehension at times denied, or made "no strong denial," or remained silent, or replied evasively when confronted with accusative statements. However, even if we assume such conduct constituted a denial which would render any inference of guilt unjustified and the testimony therefore inadmissible as implied in Griffin v. California, 380 U. S. 609, 85 S. Ct. 1229, 14 L. ed. (2d) 106, it was not error under the circumstances to admit the testimony. The testimony was received without objection. Moreover, defendant by his cross-examination and the submission of evidence regarding these matters chose to emphasize

rather than suppress the testimony in an effort to show that his undisturbed reaction to the accusations was more consistent with innocence than guilt.

The testimony submitted directly conflicted. That of the prosecution, if accepted, clearly established that defendant and two confederates about 1:30 a. m. gained entrance to the victim's apartment upon the pretext of using his telephone, and thereupon physically injured and robbed him of money and goods. That of the defendant and one of his confederates, if accepted, established that they were invited by the victim into his apartment for a "drink"; an argument with one of the men over payment for prior use of the telephone developed; the victim "pulled a knife"; defendant struck him out of fear that he would use it; and no money or personal property was taken.

A review of the record compels the conclusion that the evidence amply justified the conviction, and the law requires an affirmance.

Affirmed.